UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ACC BLDG. 1, LLC,<br>　　　　　Plaintiff, | |
| v. | CIVIL ACTION<br>NO. 16-40011-TSH |
| TEXAS INSTRUMENTS, INCORPORATED,<br>　　　　　Defendant. | |

# ORDER
August 19, 2019

## Background

ACC Bldg. 1, LLC and ACC Bldg. 12 & 5, LLC ("Plaintiffs")[1] brought this action against Texas Instruments, Incorporated ("Defendant" or "TI") seeking damages under Mass.Gen.L., ch. 21E ("Chapter 21E"), §5. Defendant has moved to dismiss the property claims asserted in Counts II, III and IV of the Plaintiffs' First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for

---

[1] In the original Complaint, ACC Bldg. 1 a, LLC and ACC Bldg. 12 & 5, LLC were named as plaintiffs *in* both the caption and body of the pleading. The First Amended Complaint, while including both entities in the body of the pleading, names only ACC Bldg. 1, LLC in the caption, which is a violation of Fed.R.Civ.P. 10(a) (in complaint, title of action shall include all parties): *see also Ware v. Gary Cmty. Sch. Corp.*, No. 2:15-CV-42-PRC, 2015 WL 6756870, at *4 (N.D. Ind. Nov. 4, 2015)("Rule 10(a) applies not only to an original complaint but also to an amended complaint because an amended complaint supersedes the original complaint, rendering the original complaint of no legal effect.") and cases cited therein. Plaintiffs shall have two weeks from the date of this Order to rectify this technical deficiency or the claims of ACC Bldg. 12 & 5, LLC shall be dismissed.

failure to state a claim[2]. For the reasons stated below, the Renewed Motion to Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted (Docket No. 38) is denied.

## Facts

TI owned approximately 260 acres of land near Forest and Pleasant Streets and Perry Avenue in Attleboro, Massachusetts (the "Site"). The groundwater at the Site has been impacted by a release of volatile organic compounds, primarily trichloroethylene ("TCE"). The site is a "disposal site" under the supervision of the Massachusetts Department of Environmental Protection ("DEP"). As a responsible party, TI has and continues to perform response actions under DEP's Massachusetts Contingency Plan ("MCP") regarding the release of TCE and other hazardous materials at the Site. In September 2001, TI submitted to DEP a Class C Response Action Outcome ("RAO") Statement for a Temporary Solution. In accordance with the RAO, TI installed and operates a system for treating contaminated groundwater pumped from wells and collected from storm drains at the Site and continues to provide periodic review reports pursuant to the MCP.

In 2010, TI sold parcels from the Site to Plaintiffs. Included in those parcels are facilities which I will hereafter refer to as "Building #1" and "Building #5". The entirety of the property purchased by the Plaintiffs shall hereafter be referred to as the "Property."

Neither Building #1 nor Building #5 was occupied, and Plaintiffs purchased the Property with full knowledge of the contaminated water-- the purchase price reflected the environmental problems. Plaintiffs purchased the Site with the caveat that TI would continue to perform response

---

[2] In Counts I and V of its First Amended Complaint, Plaintiffs assert claims against the Defendant under Chapter 21E and 42 U.S.C. §§ 9601 *et seq.* ("CERCLA") to recover alleged response action costs. TI does not seek dismissal of these claims.

actions required by the MCP, including sampling and monitoring of groundwater and construction of a new groundwater treatment system.

In 2013, DEP issued a new fact sheet detailing the Environmental Protection Agency's ("EPA") new TCE toxicity values and implications for chronic and short-term exposure to TCE, highlighting the hazards posed by TCE by vapor inhalation in occupied buildings. In March 2013, DEP issued a revised fact sheet defining what concentrations of TCE in the air would pose an imminent hazard in occupied commercial buildings. In April 2013, Plaintiffs informed TI that based on their previous models, indoor air concentration of TCE in Buildings #1 and #5 would be more than 100 times DEP's new action level. On November 21, 2013, DEP issued TI a Request for Immediate Response Action Plan for the soil gas and sub-slab soil gas samples collected in the previous periodic review reports.

According to the soil gas sampling taken in March 2014, the TCE levels in Building #1 were above DEP's threshold values for indoor air for commercial buildings. The April 2014 indoor air sampling for Building #1 showed levels of TCE above DEP's imminent hazard standard for indoor air if the building was occupied. Because Building #1 was not occupied, TI was not required by the MCP to conduct Immediate Response Actions to reduce concentrations or address these vapor intrusions. In Building #5, the March 2014 soil gas sampling showed levels above DEP's threshold values for indoor air for commercial buildings. Additional indoor air sampling in October 2014 showed levels above the DEP threshold value for indoor air for commercial buildings, but below the imminent hazard standard for indoor air.

In December 2014, Plaintiffs began negotiations with Sensata Technologies, Inc. ("Sensata") to lease Building #1. As a result and pursuant to the MCP, TI began plans to renovate the building for occupancy, including plans to install a sub-slab depressurization system to control

vapor conditions in the building and eliminate Imminent Hazard conditions. Sensata chose not to lease from Plaintiffs. Since the building was not going to be occupied, TI halted MCP compliance plans and installations required for occupancy. Plaintiffs claim the release of TCE vapor intrusions is the reason why they have been unable to lease Building #1 or Building #5.

## Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559, 127 S.Ct. 1955 (2007). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). The standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. The Court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." *Rhodes v. Ocwen Loan Servicing, LLC*, 44 F.Supp.3d 137, 139 (D.Mass. 2014) (quoting *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007)). A claim is facially plausible if the factual content 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 550 U.S. at 665, 129 S.Ct. 1937.

## Discussion

TI asserts, generally, that through this action, Plaintiffs, who knowingly bought contaminated property, seek to unfairly shift to TI the consequences of this business decision, which they now regret. More specifically, in Count II, Plaintiffs allege that they have suffered property damage arising out of vapor intrusion "by way of loss of use, lost rent, loss of rental value, increased cost of financing and operations, cost of assuring compliance with regulatory requirements and use restrictions, reduced marketability, market resistance to fair market value,

and diminution in value of the Property." TI argues that such threadbare, conclusory allegations are insufficient to support a claim. In Count III, Plaintiffs seek a judgment declaring that TI "is liable for Plaintiffs' . . . damage to real and personal property," including "loss of all rents, loss of rental value, loss of use, increased cost of financing and operations, cost of assuring compliance with regulatory requirements and use restrictions, reduced marketability, market resistance to fair market value, and diminution in value" of the property arising from the contamination of the Property. TI argues that such conclusory statements with no supporting factual allegations fail to state a plausible claim. In Count IV, Plaintiffs seek "to enforce the requirements of [Chapter] 21E, or to abate a hazard related to hazardous materials in the environment, and … thereby advanced the purposes of [Chapter] 21E." TI argues that it has been diligently fulfilling its obligations under Chapter 21E and, in any event, such allegations do not state a plausible claim for relief.

Plaintiffs first argue that TI's motion is actually a request for "reconsideration" of their first motion to dismiss which should be denied out of hand because TI has not met the requirements under Fed.R.Civ.P 59 for reopening a prior ruling. Although some courts have analyzed a motion to reconsider the denial of a motion to dismiss under Rule 59, because there has been no final judgment, I find that Rule 59 does not apply in such a case. *See Tomon v. Entergy Nuclear Operations, Inc.,* No. CA 05-12539-MLW, 2011 WL 3812708, at *1* (D. Mass. Aug. 25, 2011)(denial of motion to dismiss is not final judgment and therefore, court will not analyze under Rule 59). Nevertheless, the Court may analyze such a motion under its inherent power to reconsider its own orders. *Id.* (court applies standard applied to reconsideration of interlocutory orders). In this case, TI has filed a "renewed" motion to dismiss after the Plaintiffs amended their complaint to assert additional claims and legal theories, Under these circumstances, I find the more

5

applicable rule to be Fed.R.Civ.P. 12(g), which provides that a defendant may not file a successive motion to dismiss which raises objections which were made or were available to be made in a prior Rule 12(b)(6) motion.[3] TI states in its memorandum that the key factual and legal allegations contained in the First Amended Complaint are essentially unchanged from the original complaint. Given this concession, it is a close call. However, considering the additional factual and legal allegations asserted in the First Amended Complaint, I do not find that TI has run afoul of Rule 12(g).

It is also a close call as to whether Counts II, III and IV of the First Amended Complaint state plausible claims. I agree with TI that given that they purchased the properties with their "eyes wide open," Plaintiffs have some significant hurdles to overcome to prevail in this action, particularly in regard to Counts II and III where they seek a declaratory judgment and/or to recover damages as the result of the alleged diminution of property value, loss of rental income, etc. which they have incurred as a result of the toxic conditions at Building #1 and, in part, Building #5. I also agree with TI that Plaintiffs' claims set forth in the various counts contain conclusory, legal allegation which, without more, are insufficient to state plausible claims. However, the First Amended Complaint, read as a whole, contains extensive factual allegations which, construed in a light most favorable to the Plaintiffs with all reasonable inferences derived therefrom, states plausible claims regarding Counts II, III and IV sufficient to withstand a motion to dismiss. Therefore, TI's motion is denied.

---

[3] The standard applied by a court exercising its inherent power is to address a motion for reconsideration: "if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." *Tomon*, 2011 WL 3812708, at *1. If I were to consider TI's "renewed" motion under this standard, I would find that the additional factual and legal allegations contained in the First Amended Complaint are the equivalent of newly discovered evidence.

## Conclusion

It is hereby ordered that:

The Renewed Motion to Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted (Docket No. 38) is ***denied***.

                                              */s/* ***Timothy S. Hillman***
                                              TIMOTHY S. HILLMAN
                                              DISTRICT JUDGE