UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ACC BLDG. 1, LLC and<br>ACC BLDG. 12 & 5, LLC,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>TEXAS INSTRUMENTS<br>INCORPORATED,<br><br>　　　Defendant. | Case No. 4:16-cv-40011-TSH |

ANSWER TO SECOND AMENDED COMPLAINT

Defendant Texas Instruments Incorporated (hereinafter "TI") hereby answers the Second Amended Complaint (hereinafter, "Complaint") filed by ACC Bldg. 1, LLC and ACC Bldg. 12 & 5, LLC (together, "ACC").

INTRODUCTION

The un-numbered paragraph titled "Introduction" fails to comply with Fed. R. Civ. P. 10(b). To the extent TI is required to respond to this paragraph, the allegations set forth therein are denied.

PARTIES

1. Admitted on information and belief.

2. Admitted on information and belief.

3. Admitted.

JURISDICTION AND VENUE

4. Admitted as to diversity jurisdiction under 28 U.S.C. § 1332, otherwise denied.

5. Denied.

6. Admitted as to diversity jurisdiction under 28 U.S.C. § 1332, otherwise denied.

7. Denied.

## FACTS

8. Denied.

9. Admitted.

10. Admitted.

11. Denied that the referenced documents are publicly available at: http://public.dep.state.ma.us/fileviewer/Rtn.aspx?rtn=4-0000022 or a website redirected therefrom. Admitted that the referenced documents are publicly available at: https://eeaonline.eea.state.ma.us/EEA/fileviewer/Rtn.aspx?rtn=4-0000022. The referenced documents speak for themselves, and any characterization of said documents is denied.

12. TI is without sufficient information or knowledge to form a belief as to which document or documents are identified as the 'RAO' in this allegation. Admitted that TI has installed systems to treat contamination of the subject site, all as set out in the reports filed with DEP. The characterizations of those systems and treatment by TI are denied.

13. Admitted.

14. Denied that the referenced 'Brownfields Covenant Not To Sue' is available at: http://www.mass.gov/ago/docs/environmental/bcntsa-attleboroti.pdf, which website redirects to the landing page for the Massachusetts Attorney General's Office. Admitted that the referenced document is publicly available at:

https://www.mass.gov/files/documents/2016/08/sc/bcntsa-attleboro-ti.pdf. Admitted that the 'Former TI Campus' is subject to said covenant.

15. Admitted.

16. The referenced document speaks for itself, and any characterizations of the document or any legal obligations allegedly created thereby are denied.

17. Admitted.

18. TI is without sufficient knowledge or information to form a belief that would allow TI to admit or deny this allegation.

19. Admitted that TI entered into a 'Site Access Agreement' with ACC. The referenced document speaks for itself, and any characterization of said document is denied.

20. Admitted on information and belief.

21. Admitted that ACC communicated to TI in or around April, 2013 regarding TCE. The characterization of said communication is denied.

22. Admitted that TI sent the referenced document to DEP. The referenced document speaks for itself, and any characterization of said document is denied.

23. Admitted on information and belief.

24. The referenced document speaks for itself, and any characterization of said document is denied.

25. Admitted that TI sent the referenced document to DEP. The referenced document speaks for itself, and any characterization of said document is denied.

26. Admitted.

27. Admitted.

28. Admitted that TI sent the referenced document to DEP. The referenced document speaks for itself, and any characterization of said document is denied.

29. Admitted on information and belief.

30. Admitted.

31. Admitted that TI halted design work on a proposed 'SSDS' after ACC informed TI that Sensata would not be leasing the subject building, otherwise denied.

32. TI is without sufficient knowledge or information to form a belief that would allow TI to admit or deny this allegation.

33. Admitted.

34. Admitted.

35. Admitted that TI received the referenced document, which speaks for itself. Any characterization of said document is denied.

36. The referenced document speaks for itself, and any characterization of said document is denied.

37. Admitted that TI sent the referenced document to ACC. The referenced document speaks for itself, and any characterization of said document is denied.

38. Admitted that TI received the referenced document. Any characterization of said document is denied.

39. The referenced document speaks for itself, and any characterization of said document is denied.

40. The referenced document speaks for itself, and any characterization of said document is denied.

11402220.1

41. Admitted that TI sent the referenced documents to ACC. The referenced documents speaks for themselves, and any characterization of said documents is denied.

42. Admitted that TI collected indoor air samples and sent the referenced document to DEP. The referenced document speaks for itself, and any characterization of said document is denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Admitted that TI received the referenced document. The document speaks for itself, and any characterization of said document is denied.

48. Admitted that TI sent the referenced document to ACC. The referenced document speaks for itself, and any characterization of said document is denied.

49. Admitted that ACC filed the referenced document. The document speaks for itself, and any characterization of said document is denied.

50. Admitted that TI submitted the referenced document to DEP. The referenced document speaks for itself, and any characterization of said document is denied.

51. Denied.

### COUNT I
### G.L. c. 21E Claim for Reimbursement of Response Costs and Attorneys' Fees

52. TI repeats and incorporates by reference the answers to paragraphs numbered 1 through 51 of the complaint.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

COUNT II
Property Damage Pursuant to M.G.L. c. 21E, § 5

59. TI repeats and incorporates by reference the answers to paragraphs numbered 1 through 58 of the Complaint.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

COUNT III
Declaratory Judgment

64. TI repeats and incorporates by reference the answers to paragraphs numbered 1 through 63 of ACC's Complaint.

65. Denied.

COUNT IV
Claim for Costs and Fees Pursuant to G.L. c. 21E, § 15

66. TI repeats and incorporates by reference the answers to paragraphs numbered 1 through 65 of ACC's Complaint.

67. Denied.

68. Denied.

11402220.1

## COUNT V
## CERCLA, 42 U.S.C. § 9613

69. TI repeats and incorporates by reference the answers to paragraphs numbered 1 through 68 of ACC's Complaint.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

## FIRST AFFIRMATIVE DEFENSE
(Subject Matter Jurisdiction)

This Court has no subject matter jurisdiction to hear ACC's claims, because they are barred by statute.

## SECOND AFFIRMATIVE DEFENSE
(Assumption of Risk)

ACC's alleged damages, if any, were the result of conduct and actions, the consequences of which ACC knowingly and voluntarily assumed and ACC's claims are barred, in whole or in part, by assumption of risk.

## THIRD AFFIRMATIVE DEFENSE
(Estoppel)

ACC's claims are barred, in whole or in part, by equitable estoppel.

### FOURTH AFFIRMATIVE DEFENSE
(Waiver)

ACC's claims are barred, in whole or in part, by waiver.

### FIFTH AFFIRMATIVE DEFENSE
(Injury By Own Conduct or Conduct of Fellow Servant)

ACC's alleged damages, if any, were caused by their own conduct, or by the conduct of their agents, representatives, and consultants.

### SIXTH AFFIRMATIVE DEFENSE
(Lack of Damages)

ACC's claims are barred, in whole or in part, because ACC has not suffered any compensable damages.

### SEVENTH AFFIRMATIVE DEFENSE
(Standing)

ACC's claims should be dismissed for lack of standing.

### EIGHTH AFFIRMATIVE DEFENSE
(Lack of Causation)

ACC's claims are barred, in whole or in part, because any damage ACC has suffered was not caused by TI.

### NINTH AFFIRMATIVE DEFENSE
(G.L. c. 21E, §5 - Reimbursement)

Any response action costs that ACC has allegedly incurred were neither necessary nor appropriate within the meaning of G.L. c. 21E, §5.

### TENTH AFFIRMATIVE DEFENSE
(G.L. c. 21E, §5 – Property Damage)

ACC's claimed damages were not incurred or suffered "as a result of [a] release or threat of release [of oil or hazardous material" within the meaning of G.L. c. 21E, §5.

ELEVENTH AFFIRMATIVE DEFENSE
(CERCLA, 42 U.S.C. § 9613)

Under 42 U.S.C. § 9613(h), ACC's claims amount to a challenge to an ongoing removal or remedial action and this court is without jurisdiction to hear them.

        TEXAS INSTRUMENTS
        INCORPORATED,

        By its attorneys,


        */s/ Donald R. Pinto, Jr.*
        Donald R. Pinto, Jr., BBO #548421
        dpinto@pierceatwood.com
        PIERCE ATWOOD LLP
        100 Federal Street
        Boston, Massachusetts 02110
        (617) 488- 8100

Dated: September11, 2019


CERTIFICATE OF SERVICE

Donald R. Pinto, Jr., hereby certifies that the foregoing document was this day forwarded to the following counsel of record for the plaintiffs ACC Bldg. 1, LLC and ACC Bldg. 12 & 5, LLC by electronic transmission in accordance with the Court's Administrative Procedures for Electronic Case Filing:

Robert D. Cox, Jr.
rcox@bowditch.com
Douglas T. Radigan
dradigan@bowditch.com
BOWDITCH & DEWEY, LLP
311 Main Street, P.O. Box 15156
Worcester, Massachusetts 016015-0156
(508) 926-3409


        */s/ Donald R. Pinto, Jr.*


Dated: September 11, 2019

11402220.1